IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DRIVETIME AUTOMOTIVE GROUP, INC.; <br> ESET, LLC; <br> FORESEE RESULTS, LLC; <br> LIVEPERSON, INC.; <br> OPINIONLAB, INC.; <br> THE NEW YORK TIMES COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 2:11-cv-309 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys, LLC ("Lodsys"), for its complaint against the above-named Defendants, alleges as follows:

### THE PARTIES

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant DriveTime Automotive Group, Inc. ("DriveTime") is a Delaware corporation with its principal place of business in Phoenix, Arizona.

3. Defendant ESET, LLC ("ESET") is a California limited liability company with its principal place of business in San Diego, California.

4. Defendant ForeSee Results, Inc. ("ForeSee") is a Michigan corporation with its principal place of business in Ann Arbor, Michigan.

5. Defendant LivePerson, Inc. ("LivePerson") is a Delaware corporation with its principal place of business in New York, New York.

6. Defendant OpinionLab, Inc. ("OpinionLab") is a Delaware corporation with its principal place of business in Highland Park, Illinois.

1

7. Defendant The New York Times Company ("NYT") is a New York corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

9. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing in the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

10. On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

11. Defendant ESET has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. ESET manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products, including but not limited to ESET NOD 32 Antivirus 4, which infringe at least claim 1 of the '565 patent under 35 U.S.C. § 271.

12. Defendant ESET's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendant the damages sustained by Lodsys as a result of defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement of Lodsys' exclusive rights under the '565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendant's infringement is willful and deliberate, including because defendant became aware of the infringing nature of its products and/or services at the latest when it received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

13. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

14. Defendant DriveTime has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. DriveTime makes, sells, offers to sell, and/or uses infringing live interactive chat, including but not limited to live interactive chat on www.drivetime.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

15. Defendant ESET has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. ESET makes, sells, offers to sell, and/or uses infringing antivirus and security products, including but not limited to ESET NOD 32 Antivirus 4, and computer server(s) in conjunction with such products to manage user interactions and collect data, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

16. Defendant LivePerson has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. LivePerson makes, sells, offers to sell, and/or uses infringing live interactive chat, including but not limited to live interactive chat on www.liveperson.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

17. Defendant NYT has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. NYT makes, sells, offers to sell, and/or uses infringing interactive advertisements, including but not limited to interactive advertisements on www.nytimes.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

18. Defendants DriveTime, ESET, LivePerson, and NYT's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 5,999,908**

19. On December 7, 1999, U.S. Patent No. 5,999,908 (the "'908 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '908 patent is attached hereto as Exhibit C. Lodsys is the owner by assignment of all rights, title, and interest in and to the '908 patent.

20. Defendant ForeSee has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of

others, one or more of the claims of the '908 patent. ForeSee makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.foreseeresults.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

21. Defendant OpinionLab has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent. OpinionLab makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.opinionlab.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

22. Defendants ForeSee and OpinionLab's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '908 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendant became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)     Declaration that (1) Defendant ESET has infringed U.S. Patent No. 7,620,565; (2) Defendants DriveTime, ESET, LivePerson, and NYT have infringed U.S. Patent No. 7,222,078; and (3) Defendants ForeSee and OpinionLab have infringed U.S. Patent No. 5,999,908;

(b)     Awarding the damages arising out of (1) Defendant ESET's infringement of U.S. Patent No. 7,620,565; (2) Defendants DriveTime, ESET, LivePerson, and NYT's infringement of U.S. Patent No. 7,222,078; and Defendants ForeSee and OpinionLab's infringement of U.S. Patent No. 5,999,908;

(c)     Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)     Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,620,565, U.S. Patent No. 7,222,078, and U.S. Patent No. 5,999,908 or in the alternative, awarding a royalty for post-judgment infringement;

(e)     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f)     Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  July 5, 2011                                      Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
**Kelley, Donion, Gill, Huck & Goldfarb,**

**PLLC**
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone:  (206) 452-0260
Facsimile:  (206) 397-3062
Email: goldfarb@kdg-law.com
Email: huck@kdg-law.com

**ATTORNEYS FOR PLAINTIFF
LODSYS, LLC**