**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LODSYS GROUP, LLC

                    *Plaintiffs*,

      v.

DRIVETIME AUTOMOTIVE GROUP,
INC., ET AL.,

                  *Defendants*.

Civil Action No. 2:11-CV-309 (JRG)

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED by the parties through their respective counsel that, in order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, the following Protective Order ("Order") be entered by the Court.  This Order shall remain in effect pursuant to Section 22 through the conclusion of the litigation between the parties and completion of obligations under Sections 23 and 24 below.

In support of this Order, this Court finds that:

Confidential Information (defined below) that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

The parties to this litigation assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information ("Producing Party") and could place the party at a competitive disadvantage;

Counsel for the party or parties receiving Confidential Information ("Receiving Party") are presently without sufficient information to accept the representation(s) made by the Producing Party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this litigation, the parties submit that the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1.      **Confidential Information.**  "Confidential Information" means any document, electronically stored information ("ESI"), testimony or thing being produced or disclosed, whether formally or informally, that includes any information that any party or non-party from whom discovery is sought (the "Designating Party") reasonably and in good faith believes constitutes or discloses a trade secret or other proprietary or confidential business, technical, sales, marketing, financial, or other commercial information that the Designating Party would not disclose to third parties or that it would cause third parties to maintain in confidence, and which are designated as "Confidential" by the Designating Party.  Hereinafter, for purposes of this Order, the terms "Designating Party" and "Producing Party" are used interchangeably.

Confidential Information shall not include information or material that (a) was, is, or becomes public in a manner other than by violation of this Order; (b) is acquired by the non-Designating Party from a third party having the right to disclose such information or material; (c) was already lawfully possessed by the non-Designating Party before the disclosure by the Designating Party; or (d) was independently developed by the non-Designating Party by personnel who did not receive or have access to the Designating Party's Confidential Information.

2

2.     **Protected Documents.**  Documents, discovery responses, testimony and any other physical objects containing Confidential Information produced or made available for inspection by a Designating Party are referred to herein collectively as "Protected Documents."

3.     **Designation.**  Protected Documents shall be designated as "CONFIDENTIAL" if they include, but are not limited to, confidential technical, marketing, business and trade information unknown to the public.  Protected Documents shall be designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" if they include, but are not limited to, highly confidential and sensitive information related to research, development, design, sales, marketing, manufacturing or other activities that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure to persons other than those specified in Section 8 could reasonably be expected to result in injury to the Designating Party.  Protected Documents shall be designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" if they include information that the Designating Party believes in good faith is of the type that can be included in a patent application and form the basis or part of the basis for a claim or claims thereof, and which constitute highly confidential or trade-secret information, the disclosure of which to a person engaged in patent prosecution in the technical areas to which the information relates would create a substantial risk of injury to the Designating Party. The identification of Protected Documents with any of these designations is referred to herein as "Confidential Designation."

Any Designating Party that produces Protected Documents in discovery in this litigation may make Confidential Designations on such Protected Documents for which the Designating Party believes in good faith that there is a right to confidential treatment under Rule 26 of the Federal Rules of Civil Procedure or this Order consistent with the designation level.  The

Designating Party represents that such information does exist, and that it has historically

maintained the confidentiality of such informational in the ordinary course of business, and will

continue to do so.

If it comes to the Designating Party's attention that Protected Documents that it

designated for protection do not qualify for protection at all, or do not qualify for the level of

protection initially asserted, the Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

4.      **Non-Parties.**  Non-parties may invoke the protection of this Order for Protected

Documents, including but not limited to documents, deposition testimony and exhibits provided

in response to subpoenas served on those non-parties in connection with this litigation.  All

Confidential Information of any non-party contained in such Protected Documents shall be

protected hereunder in the same manner as the Confidential Information of the parties to this

lawsuit as long as the non-party agrees to be bound by this Order and any subsequent

amendments to this Order.

5.      **Disputes Over Confidential Designation.**  At any time after the delivery of

Protected Documents, counsel for the Receiving Party may challenge the Confidential

Designation of all or any portion thereof by providing written notice thereof to counsel for the

Designating Party.  Any dispute among the parties over Confidential Designations shall be

resolved in accordance with Section 11 ("Disputes") of this Court's Discovery Order, dated

November 1, 2011, including subsequent amendments thereto, with the Receiving Party

challenging the Confidential Designation being the "party entitled to receive disclosures" under

Section 11 of the Discovery Order.  All Protected Documents are entitled to confidential

treatment pursuant to the terms of this Order until and unless the parties formally agree in writing

to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

6.     **General Use and Disclosure of Confidential Information.**  Confidential Information, whether embodied in a Protected Document or not, shall not be used or revealed, shown, disseminated, copied, or in any way communicated to anyone by any non-Designating Party for any purpose other than for purposes of this litigation.

7.     **Use and Disclosure of "CONFIDENTIAL" Documents.**  Protected Documents designated as "CONFIDENTIAL" and any Confidential Information contained therein may be revealed or shown only for purposes of this litigation to the following persons or entities:

(a)     This Court and its personnel consistent with the terms of Section 18;

(b)     Outside Counsel for the Receiving Party (as used herein, "Outside Counsel" shall mean attorneys in the respective law firms for the respective parties or non-parties, and shall not include employees or in-house counsel of parties);

(c)     Employees and contract attorneys and support staff of such Outside Counsel (excluding experts, consultants, and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this litigation;

(d)     Up to ten (10) employees of each party, including, if applicable, the employees of each party's parent company or corporation, designated in writing by such party to all other parties pursuant to Section 10 (such designated employees are referred to herein as the "Internal Representatives"), and the Internal Representatives shall be limited to such persons as are reasonably necessary for development and presentation of the claims or defenses;

(e)     Employees of any professional photocopy service or graphics design service, legal interpreters or translators, or jury consultants (including mock jurors, focus group members, and the like) used by counsel;

(f)     Court reporters taking testimony in this case and their necessary stenographic, videographic, and clerical personnel;

(g)     Any author, recipient (actual or reasonably believed) or Producing Party of such Protected Documents designated as "CONFIDENTIAL" and as provided in Section 17;

(h)     Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party; and

(i)     Any independent consultant, investigator, or expert retained by, or at the direction of, the Receiving Party or its Outside Counsel to assist in the preparation for this litigation or to testify at trial or other hearing ("Outside Consultant"), provided that the Protected Documents or any Confidential Information contained therein disclosed to the Outside Consultant(s) pertain to the expected consultation or testimony of such person and the Receiving Party complies with Section 11.  The Protected Documents may be shown to assistants and staff associated with and acting under the supervision of such Outside Consultant(s).  For the purpose of this Order, Outside Consultants and their assistants and staff shall not be employees of the parties.

8.     **Use and Disclosure of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY"**

**Documents.**  Protected Documents designated as "CONFIDENTIAL-OUTSIDE COUNSEL

ONLY" and any Confidential Information contained therein may be revealed or shown only for purposes of this litigation to the following persons or entities:

      (a)      This Court and its personnel consistent with the terms of Section 18;

      (b)      Outside Counsel for the Receiving Party;

      (c)      Employees and contract attorneys and support staff of such Outside Counsel (excluding experts, consultants, and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the litigation;

      (d)      Employees of any professional photocopy service or graphics design service, legal interpreters or translators, or jury consultants (including mock jurors, focus group members, and the like) used by counsel;

      (e)      Court reporters taking testimony in this case and their necessary stenographic, videographic, and clerical personnel;

      (f)      Any author, recipient (actual or reasonably believed) or Producing Party of such Protected Documents designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" and as provided in Section 17;

      (g)      Personnel of third party vendors engaged by a party or by Outside Counsel for a party to assist in (i) the coding, imaging, or other management of documents produced in discovery in this litigation; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; or (iii) jury research and analysis, provided that such personnel of third party vendors shall not be employees of a party; and

      (h)      Outside Consultants, provided that the Protected Documents or any Confidential Information contained therein disclosed to the Outside Consultants pertain to the expected consultation or testimony of such person and the Receiving Party complies with

Section 11.  The Protected Documents may be shown to assistants and staff associated with and acting under the supervision of such Outside Consultants.

9.    **Filings With This Court.**  Protected Documents that have been designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR"  and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" (as defined in attached Exhibit C) under this Order may be filed as sealed documents with this Court.  Such Protected Documents shall be filed in accordance with the Local Rules of this Court, including L.R. CV-5(a)(7), and shall include on a cover page one of the following statements, whichever is appropriate:

FILED UNDER SEAL
CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL
CONFIDENTIAL-OUTSIDE COUNSEL ONLY
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL
CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL
CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE
SUBJECT TO PROTECTIVE ORDER

10.    **Designation of Internal Representatives.**  When any party receiving Protected Documents designated as "CONFIDENTIAL" under this Order desires to disclose the Protected Documents or any information contained therein to any Internal Representative referred to

above, such Receiving Party shall, at least seven (7) calendar days prior to disclosure of the

Protected Documents to the Internal Representative, provide to the Producing Party the name,

job title, and business address of the Internal Representative to whom the Receiving Party desires

to disclose Protected Documents designated as "CONFIDENTIAL" or any information

contained therein.

Within seven (7) calendar days of receipt of such information identifying the Internal

Representative, the Designating Party may object in writing to the disclosure of such Protected

Documents to the designated Internal Representative.  Any failure to object in writing within

such period to the proposed disclosure of such Protected Documents shall be deemed to be

consent by the Designating Party to such disclosure.  If an objection to the disclosure of such

Protected Documents under this paragraph is not resolved by the parties within seven (7)

calendar days of service of the written notice of objection, the Designating Party may file a

motion to preclude such disclosure with the Court within fourteen (14) calendar days of service

of the written notice of objection.  If such a motion is filed, the disclosure of such Protected

Documents to the Internal Representative shall be withheld pending the ruling of the Court on

any such motion.

11.     **Opportunity to Object to Proposed Expert.**  When any party receiving

Protected Documents designated as "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR"

and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" under this Order

desires to disclose such Protected Documents or any information contained therein to any

independent expert, such Receiving Party shall, at least seven (7) calendar days prior to

disclosure of such Protected Documents to the independent expert, provide to the Producing

Party: (i) the expert's name, business address and current resume; (ii) a list of all of the expert's current business affiliations, if any; (iii) a list of the expert's current and past consulting relationships undertaken within the last four (4) years, including but not limited to any consulting relationship for any party, except for information the expert is prevented from disclosing under a duty of confidentiality (in which event the list shall include information the expert is permitted to disclose about the consulting relationship); (iv) a list of cases in which the expert has testified as an expert within the last four (4) years, whether at trial, hearing, deposition or otherwise; and (v) notification of whether the Receiving Party desires to disclose "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" information to such expert.

Within seven (7) calendar days of receipt of such information identifying the expert, the Designating Party may object in writing to the disclosure of such Protected Documents to the independent expert.  Any failure to object in writing within such period to the proposed disclosure of such Protected Documents shall be deemed to be consent by the Designating Party to such disclosure.  If an objection to the disclosure of such Protected Documents under this paragraph is not resolved by the parties within seven (7) calendar days of service of the written notice of objection, the Designating Party may file a motion to preclude such disclosure with the Court within fourteen (14) calendar days of service of the written notice of objection.  If such a motion is filed, the disclosure of such Protected Documents to the independent expert shall be withheld pending the ruling of the Court on any such motion.

12.     **Undertaking.**  Prior to any disclosure pursuant to Sections 7(i) and 8(h), each consultant, investigator, and testifying and consulting expert to whom such disclosure is to be made shall execute the Confidentiality Undertaking annexed hereto as Exhibit A ("Confidentiality A Undertaking").  Each person to whom any disclosure is made pursuant to

Section 7(d) shall execute the Confidentiality Undertaking annexed hereto as Exhibit B

("Confidentiality B Undertaking").  The Confidentiality Undertakings shall be maintained by

Outside Counsel for the Receiving Party with whom such persons are affiliated or by whom they

are retained, and such counsel shall promptly provide a copy of each executed Confidentiality A

or B Undertaking to all counsel of record.

       13.      **Use of Confidential Information at Depositions.**  To the extent that Confidential

Information, as embodied in Protected Documents or otherwise, is used in depositions, such

Confidential Information shall remain subject to the provisions of this Order, along with the

transcript pages of the deposition testimony referring to the Confidential Information.

Additionally, the parties may, within thirty (30) calendar days of receipt of the final transcript of

a deposition, designate documents, things, materials or information disclosed in that deposition

as either "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY",

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" as the nature of the

information involved requires.  Absent agreement of the parties to the contrary, until the

expiration of such period, all documents, things, materials or information in a deposition shall be

treated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY."  If any party designates testimony

to be given at a deposition "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL

ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" during the deposition, all

persons not qualified to receive such information shall leave the deposition for that portion of the

testimony.

14.     **Court Reporters.**  Any court reporter or transcriber who reports or transcribes testimony in this litigation is hereby admonished that all Confidential Information and Protected Documents designated as such under this Order shall remain "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" as appropriate, and shall not be disclosed by them, except under the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

15.     **Inadvertent Disclosure of Confidential Information.**  Inadvertent or unintentional production of Protected Documents that are not designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment, so long as such claim is asserted within fifteen (15) calendar days of the discovery of the inadvertent production.  At such time, arrangements shall be made for the Designating Party to appropriately mark the Protected Documents in accordance with this Order, and any Receiving Party will retrieve all Protected Documents from all non-permissioned persons under the Receiving Party's control that have received the Protected Documents.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in Protected Documents not bearing a confidentiality legend occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality

16.     **Inadvertent Disclosure of Work Product or Privileged Information.**
Inadvertent or unintentional production of any document or thing subject to attorney-client

privilege or work-product immunity shall not constitute a waiver of the attorney-client privilege or work-product immunity, if any, as they apply to those documents specifically or to the subject matter of those documents generally.  If a party produces documents or things that it believes should have been withheld as privileged or work-product, such party shall provide a written request for the return of those documents or things within a reasonable time after having actual knowledge that said documents have been produced.  The Receiving Party must then return those documents or things, along with any copies thereof, to the Producing Party within ten (10) calendar days of receiving such notice.  The Receiving Party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents or things in question.

17.     **Disclosure to Author, Recipient, or Producing Party.**  Nothing herein is intended in any way to restrict the ability of counsel to use "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material in examining or cross-examining any current or former officer, director, employee, agent, expert, counsel, contractor or consultant of the Producing Party or a company affiliated with the Producing Party, or any person who authored, received or is a named recipient of or otherwise has actual prior knowledge of the "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material; provided, however, that (i) the Protected Documents to be used concern subject matter of which the person being examined or cross-examined had knowledge at the time of his employment by the Producing Party or a company affiliated with the Producing

13

Party and the Protected Documents pertain to that period of employment, and (ii) if the person

being examined or cross-examined is employed by a competitor of the Producing Party, counsel

examining the person will provide notice to the Producing Party sufficiently in advance to allow

the Producing Party to present any objection to the Court for resolution prior to the use of the

material in the examination or cross-examination.

18.     **Presentation of Confidential Information to Court.**  Any Receiving Party that

knows that it intends to present Confidential Information of another party in oral form at trial, or

during any pre- or post-trial hearing, including by eliciting testimony that calls for the disclosure

of Confidential Information, shall first notify the Court and the Producing Party at trial or during

the hearing before presenting the Confidential Information.  Because of the policy favoring

public attendance at judicial proceedings, the parties agree to cooperate on minimizing the

presentation of protected information in open court.  The Court does not here determine which, if

any, procedures for reducing the presentation of protected information may be suitable.

19.     **Source Code.**  The discovery of Source Code shall be governed by the provisions

set forth in the Protocol for the Discovery of Source Code, attached as Exhibit C.

20.     **Reservation of Power by Court.**  The Court reserves the power and authority to

remove documents and materials from the scope of this Order if it finds documents or materials

designated by the parties do not constitute material properly described as protectable by Fed. R.

Civ. P. 26(c) or this Order.

21.     **Subpoena of Confidential Information.**  In the event any party having

possession, custody or control of any Confidential Information or Protected Documents receives

from a non-party to this action a subpoena or other process or order or discovery request to

produce such information in another, unrelated legal proceeding, such party (i) shall promptly

notify counsel for the Designating Party of the subpoena or other process or order or discovery

request, and (ii) shall not produce the information until the Designating Party has had reasonable

time (at least fourteen (14) calendar days, unless the deadline to respond to the subpoena or other

process or order or discovery request is earlier) to object or take other appropriate steps to protect

the information .  The Designating Party shall have the burden of defending against such

subpoena or other process or order or discovery request.

      22.    **Continuing Jurisdiction.**  After termination of the litigation between the parties,

the provisions of this Order shall continue to be binding until further order of this Court, except

with respect to those documents and information that become a matter of public record.  This

Court retains and shall have continuing jurisdiction over the parties for enforcement of the

provisions of this Order following termination of the litigation between the parties.

      23.    **Duty to Return Documents and Things.**  Within sixty (60) calendar days after

the entry of a final non-appealable judgment or order concluding the above-captioned action or

the complete settlement of all claims asserted against all parties in this action, each party and all

persons who received Protected Documents designated "CONFIDENTIAL",

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL

ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-

SOURCE CODE" shall destroy the Protected Documents or return the Protected Documents to

the counsel for the Designating Party.  Outside Counsel for any party or non-party receiving such

Protected Documents shall provide written certification of compliance with this provision to

counsel for the Designating Party within ninety (90) calendar days after the entry of a final non-

appealable judgment or order concluding this action or the complete settlement of all claims

asserted against all parties in the above-captioned action.  The party receiving such Protected

Documents shall not use such Protected Documents or any information contained therein for any

purpose whatsoever other than the litigation between the parties, and shall not under any

circumstances sell, offer for sale, advertise, or publicize such Protected Documents or any

information contained therein, except as allowed under the terms of this Order.  Notwithstanding

this provision, outside counsel of record are entitled to retain an archival copy of all pleadings,

motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda,

attorney work product and correspondence, even if such materials contain or reflect Confidential

Information or Protected Documents. Any such archival copies remain subject to the terms of

this Order.

24.     **Preparation and Prosecution of Patent Applications.**  Absent the written

consent of the Producing Party, any person who reviews one or more items designated

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" shall not be involved,

directly or indirectly, before any foreign or domestic agency, including the United States Patent

and Trademark Office, in any of the following activities: advising on, consulting on, preparing,

prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims,

and/or responses to office actions, or otherwise affecting the disclosure in patent applications or

specifications or the scope of claims in patents or patent applications covering an aspect of a

product or service of the Producing Party learned by such person by virtue of having reviewed

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials.  This

prosecution bar (i) is designed to apply only to those individuals who review documents

designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" and shall not extend for example, to the law firm of that individual and (ii) shall not be triggered by a person's reviewing or otherwise learning the substance of his or her client's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials. Any party that intends to use or introduce one or more items designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" during a deposition, hearing, or other proceeding shall orally notify the other parties prior to use or introduction of such materials. A Designating Party may also agree in writing that use or introduction of items designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" (or a subset of such items) during a particular proceeding do not trigger the prohibitions identified in this paragraph. Inadvertent exposure to items designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" do not trigger the prohibitions identified in this paragraph so long as the individual that is inadvertently exposed to such items takes immediate steps to discontinue review of and/or exposure to such items. These prohibitions shall not preclude Defendants' individual counsel from participating in patent reexamination or non-broadening reissue proceedings on behalf of a patentee or a party challenging the validity of any patent, but shall preclude, *inter alia*, Defendants' individual counsel from participating directly or indirectly in broadening reissue proceedings on behalf of a patentee. These prohibitions shall also not preclude Plaintiffs' individual counsel from participating directly or indirectly in patent reexamination and both broadening and non-broadening reissue proceedings on behalf of a patentee, including without

limitation regarding the patents-in-suit, so long as such participation is not directly related to an aspect of a product or service learned by said Plaintiffs' counsel by virtue of having reviewed the Producing Party's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials.  These prohibitions shall begin when access to "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

25.     **Scope of Order.**  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

26.     **Expert Discovery**.  Outside Consultants retained as testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff.  Notes, drafts, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are exempt from discovery.

Discovery of materials provided to Outside Consultants acting as testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other

materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports disclosed pursuant to Fed. R. Civ. P. 26(a)(2), or trial or deposition testimony in this case.

Materials, communications and other information exempt from discovery under this Section shall be treated as attorney work product for the purposes of this litigation and Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**So ORDERED and SIGNED this 13th day of June, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LODSYS GROUP, LLC,

                 *Plaintiffs*,

      v.

DRIVETIME AUTOMITIVE GROUP,
INC., ET AL.,

                 *Defendants*.

Civil Action No. 2:11-CV-309 (JRG)

**EXHIBIT A**

**CONFIDENTIALITY UNDERTAKING FOR EXPERTS OR CONSULTANTS
RECEIVING "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY",
"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" OR
"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" INFORMATION**

I, _____, state the following:

1.      I have been retained by _____ [party].

2.      My address is _____

3.      My present employer is and the address of my present employment is __

_____

4.      My present occupation or job description is: _____

_____

5.      I have received a copy of the Protective Order in this lawsuit and I have carefully

read and understand the provisions of this Protective Order.

6.      I will comply with all of the provisions of the Protective Order.

7.     I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this lawsuit any Confidential Information, including such information designated "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", that is disclosed to me.

8.     I will advise any necessary assistant of mine, to the extent permitted under the Protective Order, of the confidential nature of any Confidential Information that I disclose to such assistant and will be responsible for assuring that such assistant complies with the same obligations of confidentiality to which I am hereby agreeing.

9.     I will return all Confidential Information that comes into my possession, and all notes, documents, or things that I prepare relating thereto, to counsel from whom I received the information.

10.     If I am given access to Source Code designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE," I agree to abide by all terms of the Protective Order concerning such Source Code, including the Protocol for the Discovery of Source Code, and I agree not to perform software development work directly or indirectly intended for commercial purposes relating to an aspect of a product or service that I learned by virtue of having reviewed such Source Code for a period of one year after the issuance of a final, nonappealable decision resolving all issues in the case.

11.     I hereby submit to the jurisdiction of the United States District Court for the

Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the

Protective Order.

> Signature:  _____
> Printed Name:  _____
> Date:  _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LODSYS GROUP, LLC,

                *Plaintiffs*,

      v.

DRIVETIME AUTOMITIVE GROUP,
INC., ET AL.,

           *Defendants.*

Civil Action No. 2:11-CV-309 (JRG)

**EXHIBIT B**

**<u>CONFIDENTIALITY UNDERTAKING</u>**

I, _____ , state the following:

1.     My address is _____

_____

2.     My present employer is and the address of my present employment is___

_____

3.     My present occupation or job description is: _____

_____

4.     I have received a copy of the Protective Order in this lawsuit and I have carefully read and understand the provisions of this Protective Order.

5.     I will comply with all of the provisions of the Protective Order.

6.     I attest to my understanding that access to Confidential Information designated as "CONFIDENTIAL", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY", "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-PROSECUTION BAR" and/or "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY-SOURCE CODE" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order.

7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Texas for the purpose of enforcement of this Undertaking pursuant to the Protective Order.

Signature:  _____

Printed Name: _____

Date:  _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

LODSYS GROUP, LLC,

                    *Plaintiffs*,

        v.

DRIVETIME AUTOMITIVE GROUP,
INC., ET AL.,

                    *Defendants*.

Civil Action No. 2:11-CV-309 (JRG)

**EXHIBIT C**

**PROTOCOL FOR THE DISCOVERY OF SOURCE CODE**

With respect to the discovery of Source Code, the Court orders the parties to adhere to the following protocol:

**A.**    **Definitions**

1.    "Source Code": Any human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Text files containing source code shall hereinafter be referred to as "Source Code Files."  Source Code Files include, but are not limited to, files containing source code in C, C++, Java, assembler, VHDL, Verilog, and other similar programming languages.  Source Code Files further include "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or  digital signal processor (DSP).

2.      "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE":

Information, documents or other things that (i) may be designated "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY" under the Protective Order and (ii) contain Source Code.

**B.      Scope**

3.      None of the protections conferred by this Order shall obligate the parties to

produce, or relieve the parties from producing, any Source Code, or constitute an admission that

any particular Source Code is, or is not, discoverable.

4.      Unless otherwise provided herein, any information, documents or things

designated as "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE"

("Designated Material") will be subject to all of the definitions, provisions and restrictions

governing materials designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY" under the

Protective Order.

**C.      Access To Designated Material**

5.      Access to a party's Designated Material shall be provided only on "stand-alone"

computer(s) (that is, the computer may not be linked to any network, including a local area

network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected

to a printer.  To the extent possible, all ports, software and other avenues that could be used to

copy or transfer Designated Material may be blocked.  Additionally, except as provided in

paragraph 15 below, the stand-alone computer(s) may only be located at the offices of the

Producing Party's outside counsel.

6.      The Receiving Party shall make reasonable efforts to restrict its requests for such

access to the stand-along computer(s) to normal business hours, which for purposes of this

paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the

Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the Producing Party's Designated Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  Only persons designated under paragraph 9 (below) shall have access to the Standalone Computer, provided however that the following additional restrictions shall apply to such access:

(a)     At least ten (10) business days prior to the date on which access is sought to such Standalone Computer (ten day notice period), Counsel of Record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the Designating Party shall have the right to object to such access in conformity with paragraphs 10 and 11 of the Protective Order;

(b)     During the pendency of the ten (10) day notice period, no listed individual is entitled to access the Standalone Computer;

(c)     If an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

(d)     Each time a person enters or leaves the secure room with the Standalone Computer, that person must sign a log and indicate the date and time;

(e)     Proper identification of all authorized persons shall be provided prior to any access to the secure room with the Standalone Computer.  Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship.

Access to the secure room with the Standalone Computer may be denied, at the discretion of Producing Party, to any individual who fails to provide proper identification;

(f)     Recording devices, recordable media or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) are not permitted inside the secure room containing the Standalone Computer;

(g)     Counsel of Record for the Producing Party may be present in the room during Receiving Party's use of the Standalone Computer and inspection, review and printing of the produced Designated Material, but will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications in the room, and the Producing Party's presence in the room will not be deemed to cause any waiver or other loss of any privilege covering such communications.

7.     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Designated Material on the stand-alone computer(s).

8.     The Producing Party will produce Designated Material in computer searchable format on the stand-alone computer(s) as described above, but need not produce executable code or provide, support or enable the use of any compilers or simulators in connection with the Designated Material absent further agreement of the parties or order of the Court.

9.     Access to Designated Material shall be limited to:

(a)     Persons who appear on the face of the Designated Material as an author, addressee or recipient thereof;

4

(b)     Outside Counsel for the Receiving Party (as used herein, "Outside Counsel" shall mean attorneys in the respective law firms for the respective parties or non-parties, and shall not include employees or in-house counsel of parties);

(c)     Up to three (3) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Undertaking attached to the Protective Order as Exhibit A;

(d)     Witnesses at deposition and/or trial, to the extent permitted by, and pursuant to the provisions of paragraphs 7 and 8 of the Protective Order, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of that Order;

(e)     The Court and its personnel;

(f)     Any designated arbitrator, mediator, or master who is assigned to hear this matter (or any part thereof), and his or her staff, who have signed Exhibit B, "Confidentiality Agreement"; and

(g)     Court reporters provided that such court reporters may not retain copies of Designated Material unless permitted by other provisions of that Order.

10.     A Receiving Party may include excerpts of Designated Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the documents containing Designated Material are appropriately marked under the Protective Order and this protocol, restricted to those who are entitled to have access to them as specified in the Protective Order and this protocol, and, if filed with the Court, filed under seal in accordance with the Protective Order and this protocol.

11.     To the extent portions of Designated Material are quoted in a document, either (1) the entire document will be stamped and treated as Designated Material or (2) those pages containing quoted Designated Material will be separately stamped and treated as Designated Material.

12.     No electronic copies of Designated Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.  In no event may Designated Material be scanned using optical character recognition ("OCR") technology.

13.     The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate Designated Materials in any manner, including scanning, emailing or otherwise creating an electronic image of the Designated Materials, except as set forth herein:

(a)     The Standalone Computer shall be equipped to print the Designated Material onto production-numbered paper labeled "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", which shall be provided by the Producing Party.

(b)     The Receiving Party shall only print those limited portions of the Designated Material specifically necessary for a case activity (*e.g.,* as evidence for trial or an exhibit for an expert's report).  Counsel for the Producing Party will keep the originals of all printed Designated Material.  The Producing Party shall have five (5) business days to review the printed Designated Material and provide the Receiving Party with written notice of any objection that the printed portions are excessive or not reasonably necessary to any case activity.  If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution within five (5) business days of the conclusion of the meet and confer process of whether the printed Designated Material

in question is excessive or not reasonably necessary to any case activity.  In the absence of any

objection, or when ordered by the Court, the Producing Party shall serve one (1) copy of the

printed pages upon the Receiving Party within two (2) business days and shall retain the original

printed material.

> (c)      When supported by the available software, the Receiving Party shall print

every page of Designated Material with information necessary to later identify that Designated

Material, such as with a header that identifies the file name and directory path; otherwise, the

Receiving Party shall provide the Producing Party with a log that correlates each printed page

with such identifying information.

> (d)      Upon request, the Producing Party shall provide the Receiving Party with

up to three (3) copies of any Designated Material received from the Producing Party for use by

its attorneys and Outside Consultants.  The Producing Party shall ensure that any copies it

provides include a production number and "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-

SOURCE CODE" designation (*i.e.,* they are not cut off or unreadable).

> (e)      Absent consent from the Producing Party, which consent will not be

unreasonably withheld, no more than the greater of one hundred (100) pages or ten percent

(10%) of Designated Material for any software release may be in printed form in the Receiving

Party's possession at any one time.  In order to stay within this limit, the Receiving Party must

first return Designated Material (including all copies provided pursuant to paragraph 13(d)

above) to the Producing Party in exchange for additional Designated Material.

14.      If the Receiving Party's outside counsel, consultants, or experts obtain printouts

or photocopies of Designated Material, the Receiving Party shall ensure that such outside

counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the

offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Designated Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Designated Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

15.     A producing Party's Designated Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 9 above to another person authorized under paragraph 9 above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") as permitted by paragraph 12 via hand carry, Federal Express or other similarly reliable courier.  Designated Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Designated Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 12 above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Designated Materials may be loaded onto a stand-alone computer.

16.     The Receiving party shall keep a log including: (a) the custodian of each copy of any Designated Materials; (b) the name of all persons accessing the Designated Materials; and (c) the date and time any custodian receives or returns the Designated Materials.  Within thirty (30) calendar days after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all copies of the Producing Party's Designated Materials.  In addition, all persons to whom the copies of the

Designated Materials were provided must certify in writing that all copies of the Designated

Materials were returned to the counsel who provided them the information and that they will

make no use of the Designated Materials or of any knowledge gained from the Designated

Materials in any future endeavor.

**D.**     <u>**No Production of Designated Material to Other Parties**</u>

17.     A Defendant shall not be obligated to produce to any other Defendant any

material that has been designated "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE

CODE".  The Receiving Party may not disclose "CONFIDENTIAL-OUTSIDE COUNSEL

ONLY-SOURCE CODE" material to any Party in this action that is not the Producing Party.

**E.**     <u>**Use Of Designated Material**</u>

18.     In addition to the provisions of paragraph 12 in the Protective Order, any Outside

Consultants retained on behalf of a Receiving Party who is to be given access to a Producing

Party's Designated Material (whether in electronic form or otherwise) must agree in writing not

to perform software development work directly or indirectly intended for commercial purposes

relating to an aspect of a product or service learned by such Outside Consultant by virtue of

having reviewed such Designated Material, for a period of one year after the issuance of a final,

nonappealable decision resolving all issues in the case.  This shall not preclude such expert

consultants from consulting in future litigation, so long as such consulting does not involve

software development work directly or indirectly intended for commercial purposes relating to

suit an aspect of a product or service learned by such Outside Consultant by virtue of having

reviewed such Designated Material.

19.     Access to and review of the Designated Material shall be strictly for the purpose

of investigating the claims and defenses at issue in the above-styled case.  No person shall

review or analyze any Designated Material for purposes unrelated to this case, nor may any

person use any knowledge gained as a result of reviewing Designated Material in this case in any

other pending or future dispute, proceeding, or litigation.

**F.      Non-Party Use of This Order**

20.     A non-party producing information or material voluntarily or pursuant to a

subpoena or a court order may designate such material or information in the same manner and

shall receive the same level of protection under this Order as any party to this lawsuit.

21.     A non-party's use of this Order to protect its "CONFIDENTIAL-OUTSIDE

COUNSEL ONLY-SOURCE CODE" materials does not entitle that non-party access to

Designated Materials produced by any Party in this case.

**G.      Export Control Requirements**

22.     The parties acknowledge that "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-

SOURCE CODE" received under this Order may be subject to export controls under the laws of

the United States and other applicable laws, and to ensure the confidentiality of the

"CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material as well as

compliance with any applicable laws:

(a)      No "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE"

material produced in this action shall be electronically or physically exported or transferred

outside the United States.

(b)      The Receiving Party agrees to maintain adequate controls to prevent

nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E

from accessing the Producing Party's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-

SOURCE CODE", subject to ECCN 5E001; or nationals outside the U.S. and Canada from

accessing such "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE" material, subject to ECCN 5E002, without U.S. Government authorization.

(c)    The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE", or placement on a project requiring receipt or review of the Producing Party's "CONFIDENTIAL-OUTSIDE COUNSEL ONLY-SOURCE CODE".  The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylee or refugee status, or temporary resident granted amnesty.

**H.    Miscellaneous**

23.    The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order's Protocol for the Discovery of Source Code. All disputes concerning Designated Material produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.  Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order's Protocol for the Discovery of Source Code.

24.    The Court reserves the right, upon motion or upon its own motion, to amend or modify this Order's Protocol for the Discovery of Source Code for good cause shown.